ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| KRISTAN BOWERS PHILLIPS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO: 6:03-CV-42 |
| LYNCH MANAGEMENT COMPANY, | ) | |
| THOMASVILLE SALES COMPANY, | ) | |
| CONNECTICUT GENERAL LIFE | ) | |
| INSURANCE COMPANY, SIGNA | ) | |
| HEALTHCARE AND ERISA PLAN | ) | |
| BENEFITS ADMINISTRATOR | ) | |
| | ) | |
| Defendants | ) | |

## MOTION OF DEFENDANTS
## CONNECTICUT GENERAL LIFE INSURANCE
## COMPANY AND CIGNA HEALTHCARE OF GEORGIA, INC.
## TO DISMISS PLAINTIFF'S COMPLAINT

Now come defendants CONNECTICUT GENERAL LIFE INSURANCE

COMPANY ("Connecticut General") and CIGNA HEALTHCARE OF

GEORGIA, INC. (sued as "SIGNA Healthcare") ("CIGNA") (sometimes referred

to hereinafter collectively as "the insurance defendants"), and file this motion to

dismiss plaintiff's complaint for failure to state claims upon which relief can be

granted. FED. R. CIV. P. 12(b)(6). In support thereof, defendants show as follows:

10

1.

On August 22, 2003, plaintiff filed this action against the insurance defendants, as well as Lynch Management Company, Thomasville Sales Company, and "E.R.I.S.A. Plan Benefits Administrator."  Plaintiff is proceeding *pro se.*  On August 28, 2003, plaintiff filed a second amended complaint.  The summons and plaintiff's second amended complaint were served on the insurance defendants on December 18, 2003.

2.

Based on plaintiff's complaint, it appears that he is asserting three causes of action:

(A) a cause of action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") for employment discrimination;

(B) a cause of action for violations of the Americans with Disabilities Act of 1990 ("the ADA"); and

(C) a cause of action for intentional infliction of emotional distress.

3.

For the reasons set forth in its memorandum filed herewith, the insurance defendants show that plaintiff has failed to state a cause of action against them, in that:

(A) Plaintiff fails to advance the minimal factual allegations necessary to establish that either of the insurance defendants qualify as an "employer" under Title VII.  Moreover, plaintiff fails to advance the minimal factual allegations necessary to establish that he was discriminated against on the basis of any one of Title VII's protected categories, *i.e.*, race, color, religion, sex, or national origin.

(B) Plaintiff fails to advance the minimal factual allegations necessary to establish that either of the insurance defendants qualify as a "covered entity" under Title I of the ADA.  Moreover, plaintiff fails to advance the minimal factual allegations necessary to show that he has satisfied all the procedural requirements of the ADA.

(C) Plaintiff fails to advance the minimal factual allegations necessary to establish that either of the insurance defendants committed any of the acts underlying plaintiff's claim for intentional infliction of emotional distress.

WHEREFORE, defendants Connecticut General Life Insurance Company and CIGNA Healthcare of Georgia, Inc. pray that their motion to dismiss plaintiff's complaint be granted and that each cause of action be dismissed as to them.

This 6th day of January, 2004.

H. Sanders Carter, Jr.
Georgia Bar No. 114100
Andrea K. Cataland
Georgia Bar No. 116282

Attorneys for Defendants Connecticut
General Life Insurance Company and
CIGNA Healthcare of Georgia, Inc.

CARTER & ANSLEY LLP
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 658-9220 - *Telephone*
(404) 658-9726 - *Facsimile*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing pleading(s) on all

counsel in the foregoing matter by depositing a copy of same in the United States

Mail in a properly addressed envelope with adequate postage thereon as follows:

Kristan Bowers Phillips
115 S. Pinetree Blvd., Apt. 606
Thomasville, GA 31792

This 6th day of January, 2004.

H. Sanders Carter, Jr.